UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-60651-BLOOM/Valle

HOWARD MICHAEL CAPLAN,

    Plaintiff,

v.

TERE AUTO SERVICES INC.,
*a Florida Profit Corporation*
*doing business as*
*Peerless Auto Body*, and
PEERLESS HOLDINGS INC.,
*a Florida Profit Corporation*,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS

**THIS CAUSE** is before the Court upon Defendants Tere Auto Services, Inc. and Peerless Holdings, Inc.'s ("Defendants") Motion for Judgment on the Pleadings, ECF No. [13] ("Motion"), with respect to Plaintiff Howard Michael Cohan's ("Plaintiff") Complaint, ECF No. [1] ("Complaint"). The Court has carefully reviewed the Motion, the Complaint, the record, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

Plaintiff, who suffers from a disability, initiated this action on March 31, 2022, for relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"). The Complaint alleges violations of the ADA relating to real property and business located at 590 S Dixie Hwy E, Pompano Beach, FL 33060 ("Property"). On May 12, 2022, Defendants filed their Answer, ECF No. [12], "admitting or not contesting any of the allegations in the complaint." ECF

No. [13] at 1. Accordingly, Defendants submit that "there is **no dispute** over Plaintiff's claim, and ***Plaintiff*** is entitled to judgment in his favor." *Id.* at 2 (emphasis in original).

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A party may move for judgment on the pleadings if there are no material facts in dispute. *See Palmer & Cay, Inc. v. Marsh & McLennan Cos.*, 404 F.3d 1297, 1303 (11th Cir. 2005); *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1291 (11th Cir. 2002). In rendering judgment, a court may consider the substance of the pleadings and any judicially noticed facts. *Termilus v. Marksman Sec. Corp.*, 2016 U.S. Dist. LEXIS 20356 (S.D. Fla. Feb. 19, 2016) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)).

"A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss." *Guarino v. Wyeth LLC*, 823 F. Supp. 2d 1289, 1291 (M.D. Fla. 2011). As such, a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).

"In order to prevail under Title III of the ADA, a plaintiff generally has the burden of proving: (1) that she is an individual with a disability; (2) that defendant is a place of public accommodation; and (3) that defendant denied her full and equal enjoyment of the goods, services,

facilities or privileges offered by defendant (4) on the basis of her disability." *Schiavo ex rel Schindler v. Schiavo*, 358 F. Supp. 2d 1161, 1165 (M.D. Fla.), *aff'd sub nom. Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289 (11th Cir. 2005) (citing *Larsen v. Carnival Corp., Inc.*, 242 F. Supp. 2d 1333, 1342 (S.D. Fla. 2003). Here, Defendants have admitted to those allegations. Moreover, Defendants have admitted to Plaintiff's entitlement to attorney's fees, costs, and expenses pursuant to 42 U.S.C. § 12205. *See* ECF No. [13] at 3.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion for Judgment on the Pleadings, **ECF No. [13]**, is **GRANTED**.
2. Defendants are **ORDERED** to remove the physical barriers to access and alter the subject Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA.
3. Final Judgment will be entered by a separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 6, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record